UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Everest Damsi,	Case No. 3:21-cv-953

    Plaintiff,

v.	MEMORANDUM OPINION
	AND ORDER

Tarpstop, LLC,

    Defendant.

## I.  INTRODUCTION

On May 7, 2021, Plaintiff Everest Damsi filed a complaint against Defendant Tarpstop, LLC, seeking declaratory judgment on certain contract provisions and damages for breach of contract.  (Doc. No. 1).  On February 18, 2022, Damsi filed an amended complaint adding state law tort claims.  (Doc. No. 27).  Damsi filed a motion for partial summary judgment on two counts for declaratory judgment on April 4, 2022.  (Doc. No. 30).  Tarpstop responded by filing a motion for leave to continue to conduct discovery under Fed. Civ. R. 56(d) prior to responding to Damsi's motion for partial summary judgment.  (Doc. No. 33).  Damsi opposed this motion, (Doc. No. 35), and Tarpstop filed a reply.  (Doc. No. 36).

## II.  BACKGROUND

This case involves a business dispute between Damsi and Tarpstop.  Damsi's motion for partial summary judgment involves a request for declaratory judgment affirming that Tarpstop was the first party to materially breach the agreements; and therefore, Damsi is also relieved of his

concurrent responsibilities under the agreements, particularly the non-competition and intellectual property restrictions. (Doc. No. 30 at 7-10).

Rather than respond to the substance of the motion, Tarpstop moved for leave to continue discovery until July 31, 2022 – the date originally set for the close of fact discovery by the Court at the Case Management Conference. (Doc. No. 33; *see* Doc. No. 25). Tarpstop argued it could not properly respond to this motion without further discovery, noting, in particular, that Damsi's deposition has yet to be taken and it was awaiting subpoenaed documents from third parties. Tarpstop argued this discovery will go directly to refuting Damsi's claim that Tarpstop was the first to materially breach the agreements.

Damsi opposed the request because he alleged Tarpstop has been aware of these issues (and his stance on them) since prior to the litigation, Tarpstop is in possession of all documents it needs to properly respond, and Tarpstop itself has been dilatory in both initiating and responding to discovery requests. (Doc. No. 35).

Tarpstop responded by highlighting the basic need to take Damsi's deposition to refute his motion, particularly since he relies upon an affidavit to support his conclusions. (Doc. No. 36). It further argued only by deposing Damsi could it gain a full picture of his actions during the relevant period, and thus fully defend against Damsi's claim regarding breach. (*Id.*).

### III. ANALYSIS

Federal Rule of Civil Procedure 56(d) allows a district court to defer summary judgment in favor of additional time for discovery when the party shows "that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The decision to grant a Rule 56(d) motion is discretionary and a court should consider five factors: (1) when the non-moving party learned of the issue that is the subject of the discovery; (2) whether the desired discovery would have changed the ruling; (3) how long the discovery period lasted; (4) whether the non-

moving party was dilatory in his or her discovery efforts; and (5) whether the moving party was responsive to discovery requests. *Glenn v. Corizon Medical, Inc.,* Case No. 17-cv-10972, 2018 WL 4520077, at *2 (E.D. Mich. Sept. 21, 2018) (quoting *Plott v. Gen. Motors Corp., Packard Elec. Div.,* 71 F.3d 1190, 1196-97 (6th Cir. 1995)).

After review, I find Tarpstop's arguments to be more persuasive. First, the original period set for completion of fact discovery has not yet closed. The parties proposed, and I adopted, a period of eight months for discovery, and thus I cannot agree that Tarpstop's failure to take Damsi's deposition earlier is attributable to dilatoriness rather than litigation strategy. (*See* Doc. No. 24 at 2 and Doc. No. 25 at 1). Second, because the pending motion is only for partial summary judgment, the litigation, as a whole, will not be delayed or prejudiced by Tarpstop's request to abide by the original discovery deadline.

Third, Tarpstop has adequately identified the evidence it seeks to gain from continued discovery and how that evidence relates to Damsi's pending motion. (*See, e.g.,* Doc. No. 33 at 5-6). Importantly, this desired discovery goes to the heart of Damsi's motion for partial summary judgment and may be determinative of the parties' ability to succeed on their claims or counterclaims. I conclude Tarpstop has established it is entitled to additional discovery before being required to respond to Damsi's motion.

## IV. CONCLUSION

For the foregoing reasons, I grant Tarpstop's Motion for Leave to Conduct and Complete Discovery. (Doc. No. 33). The discovery period shall remain open until its originally-scheduled deadline of July 31, 2022. I defer any ruling on Damsi's pending motion for partial summary judgment until after the close of discovery. Tarpstop is ordered to respond to Damsi's Motion for Partial Summary Judgment, (Doc. No. 30), by August 29, 2022, and Damsi shall file his reply brief, if any, by September 19, 2022.

So Ordered.

                                                                        s/ Jeffrey J. Helmick
                                                                        United States District Judge